**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

AMIN J. KHOURY,                                       CASE NO.:

      Plaintiff,

v.

KLX ENERGY SERVICES HOLDINGS, INC.

      Defendant.
_____/

## COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF

Plaintiff, Amin J. Khoury ("Khoury"), by and through its counsel, SHRAIBERG, LANDAU & PAGE, P.A., hereby files this Complaint against KLX Energy Services Holdings, Inc. ("KLX Holdings") and alleges as follows:

1. This is an action seeking damages for breach of contract and declaratory relief occasioned by KLX Holdings' breach of its obligations under an Amended and Restated Consulting Agreement dated April 19, 2020 and Letter Agreement dated September 10, 2020.

## THE PARTIES

2. Khoury is an individual and at all times mentioned herein a citizen and resident of Martin County, Florida.

3. Upon information and belief, KLX Holdings is a corporation formed and existing under the laws of the State of Delaware, with its principal place of business in Houston, Texas.

4. Upon information and belief, KLX Holdings was registered to do business in Florida as a foreign entity from approximately July 23, 2018 through December 10, 2020.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

6. There is complete diversity of citizenship between Plaintiff and Defendant.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, the Agreement was entered into in this judicial district, and there would be no other judicial district in which an action may otherwise be brought.

8. KLX Holdings is subject to the jurisdiction of this Court pursuant to Fla. Stat. § 48.193 by (a) operating, conducting, engaging in, or carrying on a business or business venture in this state and (b) breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

## FACTUAL ALLEGATIONS

9. On or about April 19, 2020, KLX Holdings and Khoury entered an Amended and Restated Consulting Agreement dated April 19, 2020 ("Agreement").

10. The Agreement was executed by the parties in Wellington, Florida.

11. A true and correct copy of the Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

12. The term of the Agreement commenced, "on May 1, 2020 (the "Effective Date") and [will] terminate on the third anniversary of the Effective Date (the "Consulting Period")."

13. KLX Holdings agreed to pay Khoury consulting fees, as follows: "During the Consulting Period, you shall receive a consulting fee of ten thousand dollars ($10,000) per month (the

{2390/000/00521053}   2

"Fees"), payable in monthly installments in arrears on the last day of the month (pro-rated for partial months)."

14. KLX Holdings further agreed to pay Khoury for certain expenses, as follows:

> Except to the extent equivalent benefits are provided by B/E Aerospace, Inc., KLX Inc. (or any of their respective successors), during the Consulting Period, the Company shall:
> (i) provide you with an office at such location as is reasonably agreed by you and the Company;
> (ii) provide you with a full time assistant to be selected by you;
> (iii) provide you with the automobile benefit contemplated by your employment letter by and between you and the Company, dated as of September 14, 2018 (the "Employment Letter");
> . . .
> (v) pay or reimburse you for reasonable out-of-pocket expenses incurred in connection with your performance of the Consulting Services in accordance with past practices within thirty (30) days following submission of documentation and substantiation of such expenses; provided, however, that (x) in no event may you seek to receive any reimbursement less than thirty (30) days prior to the last day of the calendar year following the calendar year in which the related expense was incurred, and (y) no amount reimbursed during any calendar year shall affect the amounts eligible for reimbursement in any other calendar year.

15. On or about September 10, 2020, KLX Holdings and Khoury signed a letter agreement ("Letter Agreement") in which KLX Holdings confirmed its obligations under the Agreement and further defined its duty to provide Khoury with a full-time assistant to be selected by Khoury.

16. The Letter Agreement was executed by the parties in Wellington, Florida.

17. A true and correct copy of said Letter Agreement is attached hereto as Exhibit "B" and incorporated herein by reference.

{2390/000/00521053}   3

18. In the Letter Agreement, KLX Holdings agreed, as follows:

> Pursuant to the Consulting Agreement, during the Consulting Period (as defined in the Consulting Agreement), the Company is required to provide you with a full time assistant to be selected by you.
> This letter agreement (this "Agreement") confirms the agreement between the Company and you with respect to the terms pursuant to which the Company shall be deemed to have satisfied this obligation. The Company agrees to reimburse you for the annual expense of your full time assistant of $201,332. The Company shall pay to KAD, LP, cash payments of $7,744.00 in arrears on a bi-weekly basis for each two week period during the period beginning from July 28, 2020 until the end of the Consulting Period, the payment of which is agreed by the Parties will constitute full satisfaction of the Company's obligation to provide you with a full time assistant.

19. Khoury performed all his obligations under the Agreement and Letter Agreement, except to the extent excused from doing so by the conduct of KLX Holdings.

20. Commencing in December 2020, KLX Holdings defaulted on its obligations under the Agreement and Letter Agreement to pay consulting fees and expenses due and owing to Khoury.

21. Khoury demanded payment therefor, but KLX Holdings failed and refused to honor its obligations.

22. On or about March 31, 2021, and again on or about April 21, 2021, Khoury demanded both that KLX Holdings cure its defaults under the Agreement and Letter Agreement, and to provide unequivocal assurances that KLX Holdings intended to honor its obligations under the Agreement and Letter Agreement for the remainder of the Consulting Period. KLX Holdings failed and refused to cure its defaults and, by its words and deeds, unequivocally expressed its intention not to perform its obligations under the Agreement and Letter Agreement.

## COUNT I
**(For Breach of the Contract)**

23. Plaintiff reasserts the allegations of Paragraphs 1 through 22, as if fully set forth herein.

24. Khoury performed all his obligations under the Agreement and Letter Agreement, except to the extent excused from doing so by the conduct of KLX Holdings.

25. KLX Holdings has breached the Agreement and Letter Agreement by, among other things, failing and refusing to pay Khoury his consulting fees and pay expenses as required by the Agreement.

26. KLX Holdings has further unequivocally rejected its obligations under the Agreement and Letter Agreement and, thus, has anticipatorily breached the Agreement and Letter Agreement in their entirety.

27. Khoury has suffered and will continue to suffer monetary damages as a result of KLX Holdings' breach and anticipatory breach of the Agreement and Letter Agreement in an amount subject to proof at trial, which is in excess of the jurisdictional minimum of this Court.

## COUNT II
### (For Declaratory Relief)

28. Plaintiff reasserts the allegations of Paragraphs 1 through 22, and Paragraphs 24 through 27, as if fully set forth herein.

29. As a result of KLX Holdings' actions and stated positions, an actual and justiciable controversy currently exists between Khoury, on one hand, and KLX Holdings, on the other hand, concerning KLX Holdings' duties and obligations to Khoury under the Agreement and Letter Agreement.

30. Khoury contends that KLX Holdings is obligated to cure its defaults and the Agreement Letter Agreement and fully perform KLX Holdings' obligations under the Agreement and Letter Agreement for the remainder of the Consulting Period.

31. Khoury is informed and believes that KLX Holdings disputes these contentions and denies the existence of any further obligations to Khoury.

32. By reason of the foregoing, an actual and justiciable controversy exists between Khoury and KLX Holdings regarding KLX Holdings' duties and obligations under the Agreement and Letter Agreement.

33. A judicial determination is necessary at this time so that the parties' dispute may be resolved, and the parties may be aware of their respective rights and obligations.

WHEREFORE, Khoury respectfully requests that the Court enter judgment:

A. For damages in favor of Khoury and against KLX Holdings, in an amount to be determined at trial;

B. Declaring that KLX Holdings is obligated to comply with all its duties and obligations owed to Khoury under the Agreement and Letter Agreement including, without limitation, payment of consulting fees and expenses; and,

C. Awarding Khoury his fees, costs and expenses, along with interest, taxable costs, and any other and further relief the Court deems just, equitable, and proper.

Dated: April 26, 2021

**SHRAIBERG, LANDAU & PAGE, P.A.**
Attorneys for Amin J. Khoury
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: bss@slp.law
Email: pdorsey@slp.law

By: _/s/ Bradley Shraiberg_____
     Bradley S. Shraiberg
     Florida Bar No.121622

# EXHIBIT A

EXECUTION COPY

April 19, 2020

Mr. Amin J. Khoury
c/o KLX Energy Services Holdings, Inc.
1300 Corporate Center Way,
Wellington, FL 33414

Amended and Restated Consulting Agreement

Dear Mr. Khoury:

This amended and restated letter agreement (the "Agreement") confirms the agreement between KLX Energy Services Holdings, Inc. (the "Company") and you to engage in a consulting arrangement and amends and restates that certain consulting letter agreement by and between you and the Company, dated September 14, 2018.

1. Term. The term of your services pursuant to this Agreement shall commence on May 1, 2020 (the "Effective Date") and terminate on the third anniversary of the Effective Date (the "Consulting Period").

2. Consulting Services.

   (a) Services. Your services hereunder during the Consulting Period shall consist of strategic planning, financial planning, merger and acquisition advice and consultation to the Company, as well as providing periodic advice and consultation regarding key staffing and recruitment issues and such other services mutually agreed to by you and the Company (the "Consulting Services"). At all times, the Consulting Services shall be non-exclusive and you shall only be required to devote so much time as is reasonably necessary to discharge the Consulting Services.

   (b) Expenses. Except to the extent equivalent benefits are provided by B/E Aerospace, Inc., KLX Inc. (or any of their respective successors), during the Consulting Period, the Company shall:

      (i) provide you with an office at such location as is reasonably agreed by you and the Company;

      (ii) provide you with a full time assistant to be selected by you;

      (iii) provide you with the automobile benefit contemplated by your employment letter by and between you and the Company, dated as of September 14, 2018 (the "Employment Letter");

      (iv) provide you with the travel benefits contemplated under the Employment Letter, other than the personal and family usage of the Company's aircraft pursuant to the Company's Authorization and Limitation on Officer Travel Policy, as in effect on September

      2018 (it being understood that you will continue to use the Company's aircraft in connection with your duties hereunder); and

   (v) pay or reimburse you for reasonable out-of-pocket expenses incurred in connection with your performance of the Consulting Services in accordance with past practices within thirty (30) days following submission of documentation and substantiation of such expenses; provided, however, that (x) in no event may you seek to receive any reimbursement less than thirty (30) days prior to the last day of the calendar year following the calendar year in which the related expense was incurred, and (y) no amount reimbursed during any calendar year shall affect the amounts eligible for reimbursement in any other calendar year.

3. Nature of the Relationship.

  (a) Independent Contractor. You acknowledge that the Consulting Services shall be performed in the capacity of an "independent contractor," that you are solely responsible for determining your actions or inactions in carrying out and performing the Consulting Services, and that nothing in this Agreement shall be construed to create an employment relationship between you and the Company. You agree that, with respect to the Consulting Services provided hereunder, you are not an employee of the Company for any purpose, including, without limitation: (i) for federal, state or local tax, employment, withholding or reporting purposes; or (ii) for eligibility or entitlement to any benefit under any of the Company's employee benefit plans (including, without limitation, those plans that are subject to the Employee Retirement Income Security Act of 1974, as amended), incentive compensation or other employee programs or policies, except as provided in this Agreement, the Employment Letter or as otherwise required by applicable law.

  (b) Code of Conduct. During the Consulting Period, you shall comply with the Company's Code of Business Conduct and its Delegations of Authority, each as in effect from time to time (as if you were a non-management employee with respect to the Delegations of Authority policy).

  (c) Payment of Taxes. You shall be responsible for and shall maintain adequate records of expenses that you incur in the course of performing the Consulting Services hereunder and shall be solely responsible for and shall file, on a timely basis, tax returns and payments required to be filed with or made to any federal, state or local tax authority with respect to your performance of the Consulting Services. Neither federal, state, nor local income tax of any kind shall be withheld or paid by the Company with respect to any amount paid to you pursuant to this Agreement. You agree that you are responsible for withholding and paying all taxes as required.

2

    (d)    <u>Indemnification</u>.  To the fullest extent permitted under applicable laws, rules and regulations and the Company's applicable corporate governance documents, the Company agrees to defend, indemnify and hold you harmless from any loss, liability, cost and expense (including, but not limited to, reasonable attorney's fees) incurred by you as a result of you being made a party to any action or proceedings by reason of your provision of the Consulting Services.

4.    <u>Consulting Fees</u>.  During the Consulting Period, you shall receive a consulting fee of ten thousand dollars ($10,000) per month (the "<u>Fees</u>"), payable in monthly installments in arrears on the last day of the month (pro-rated for partial months).

5.    <u>Amendment, Modification or Termination of Agreement</u>.  The Consulting Period may not be terminated (except as provided in Section 7 hereof), and the terms and conditions of this Agreement cannot be amended, modified or terminated without the prior written consent of both parties hereto.

6.    <u>Proprietary Rights Agreement</u>.  The restrictive covenant obligations set forth in the Proprietary Rights Agreement attached as Exhibit B to the Employment Letter are incorporated herein by reference and shall have the same legal force and effect as if fully set forth herein.

7.    <u>Effect of Death or Incapacity</u>.  In the event of the termination of the Consulting Period and your services hereunder due to death or incapacity, you or your estate or designated beneficiary, as applicable, shall be entitled to a lump sum payment equal to the total amount of Fees payable to you for the remainder of the Consulting Period.  Such lump sum payment shall be made within ten (10) business days following the date of termination.

8.    <u>Documents and Materials</u>.  Upon the termination of the Consulting Period, or at any other time upon the Company's request, you shall promptly deliver to the Company, without retaining any copies, all documents and other materials furnished to you by the Company, prepared by you for the Company or otherwise relating to the Company's business, including, without limitation, all written and tangible material in your possession incorporating any "Proprietary Information" (as defined in the Employment Agreement).

9.    <u>General Provisions</u>.

    (a)    <u>Entire Agreement</u>. This Agreement and the Employment Letter (and the exhibits thereto) represent the entire agreement of the parties and shall supersede any and all previous contracts, arrangements or understandings between you and the Company, including, without limitation, that certain consulting letter agreement by and between you and the Company, dated September 14, 2018.

    (b)    <u>Governing Law</u>. This Agreement will be governed by and construed in accordance with the laws of Florida, without giving effect to the conflicts of laws principles thereof.

(c) <u>Enforceability; Waiver</u>.  If any arbitrator or court of competent jurisdiction determines that any provision of this Agreement is invalid or unenforceable, then such invalidity or unenforceability shall have no effect on the other provisions of this Agreement, which shall remain valid, binding and enforceable and in full force and effect, and such invalid or unenforceable provision shall be construed, blue-penciled or reformed by the court or arbitrator in a manner so as to give the maximum valid and enforceable effect to the intent of the parties expressed in such provision. Your or the Company's failure to insist upon strict compliance with any provision hereof or any other provision of this Agreement or the failure to assert any right that you or the Company may have hereunder, shall not be deemed to be a waiver of such provision or right or any other provision or right of this Agreement. Similarly, the waiver by any party hereto of a breach of any provision of this Agreement by the other party will not operate or be construed as a waiver of any other or subsequent breach by such other party.

(d) <u>Headings</u>.  The descriptive headings in this Agreement are for convenience of reference only and shall not affect in any way the meaning or interpretation of this Agreement.

(e) <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which when executed shall be deemed an original but all of which together shall constitute one and the same agreement.

(f) <u>Signatures</u>.  Each party's signature on the lines below constitutes his or its agreement with each provision contained in this Agreement.

[*Signature Page Follows*]

IN WITNESS WHEREOF, the parties hereto execute this Agreement as of the date first above written.

EXECUTIVE

_____
Amin J. Khoury

KLX ENERGY SERVICES HOLDINGS, INC.

By: _____
Name: _____
Title: _____

[SIGNATURE PAGE FOR AMIN KHOURY CONSULTING AGREEMENT]

# EXHIBIT B

September 10, 2020

Mr. Amin J. Khoury
c/o KAD, LP
3825 PGA BLVD, Suite 1005
Palm Beach Gardens, Florida 33410

Dear Mr. Khoury:

Reference is made to that certain amended and restated consulting agreement (the "Consulting Agreement"), dated April 19, 2020, by and between you and KLX Energy Services Holdings, Inc. (the "Company" and, together with you, the "Parties"). Pursuant to the Consulting Agreement, during the Consulting Period (as defined in the Consulting Agreement), the Company is required to provide you with a full time assistant to be selected by you.

This letter agreement (this "Agreement") confirms the agreement between the Company and you with respect to the terms pursuant to which the Company shall be deemed to have satisfied this obligation.

The Company agrees to reimburse you for the annual expense of your full time assistant of $201,332. The Company shall pay to KAD, LP, cash payments of $7,744.00 in arrears on a bi-weekly basis for each two week period during the period beginning from July 28, 2020 until the end of the Consulting Period, the payment of which is agreed by the Parties will constitute full satisfaction of the Company's obligation to provide you with a full time assistant.

This Agreement cannot be amended, modified or terminated without the prior written consent of both Parties hereto. This Agreement shall not be deemed to have amended or modified the Consulting Agreement in any respect and the Parties acknowledge and agree that the Consulting Agreement remains in full force and effect.

This Agreement will be governed by and construed in accordance with the laws of Florida, without giving effect to the conflicts of laws principles thereof. This Agreement may be executed in one or more counterparts, each of which when executed shall be deemed an original but all of which together shall constitute one and the same agreement. Each party's signature on the lines below constitutes his or its agreement with each provision contained in this Agreement.

[*Signature Page Follows*]

IN WITNESS WHEREOF, the parties hereto execute this Agreement as of the date first above written.

|  |  |
|---|---|
|  | KLX ENERGY SERVICES HOLDINGS, INC. |
| _____<br>Amin J. Khoury | By: *Max Bouthillette*<br>Name: Max Bouthillette<br>Title: Exec VP & General Counsel |

cc: KAD, LP

[SIGNATURE PAGE FOR AMIN KHOURY CONSULTING AGREEMENT]